# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                      **CASE NO. 1:25-cr-18-AW-MAL**

**BRANDON NEIL STEVENS**
   **a/k/a "Logan McCallister"**

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between Brandon Neil Stevens as the defendant, Darren Johnson as attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the defendant.

### 2. TERMS

The parties agree to the following terms:

a.       The defendant will plead guilty to Count One (Travel with Intent to Engage in Illicit Sexual Conduct) and Count Three (Sexual Exploitation of Children Producing Child Pornography) of the Indictment, and the government will move to dismiss the remaining counts at sentencing. As for Count One, the defendant faces

1

Filed in Open Court

_____

Clerk, U.S. District Court
Northern District of Florida

a maximum term of 30 years' imprisonment, 5 years to life of supervised release, a $250,000 fine, and a $100 special monetary assessment. As for Count Three, the defendant faces a minimum term of 15 years' imprisonment, a maximum term of 30 years' imprisonment, 5 years to life of supervised release, a $250,000 fine, and a $100 special monetary assessment. The defendant agrees to pay the special monetary assessments on or before the date of sentencing.

If the defendant is unable to pay the special assessments prior to sentencing due to indigence, the defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the defendant is subject includes the forfeiture of all forfeitable assets.

b.      By voluntarily pleading guilty to the charges in the Indictment, the defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.      The defendant is pleading guilty because the defendant is in fact guilty of the charges alleged in Counts One and Three of the Indictment. In pleading guilty, the defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d.      Upon the District Court's adjudication of guilt of the defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled. The defendant agrees that substantial evidence exists to support the charges, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e.      Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

f.       If the defendant is not a citizen of the United States, the defendant understands that this conviction may adversely affect the defendant's immigration status, and the defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g.      The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in

3

imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h.    Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the defendant. The United States Attorney further reserves the right to correct any misstatements by the defendant or the defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in 18 U.S.C. § 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

i.    The defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that the defendant must update the defendant's registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that

4

failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## 3. SENTENCING

a.     The defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.     The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the defendant's plea.

c.     The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

The defendant agrees to make restitution to the minor victim in the amount of $19,780. The defendant agrees that the amount of restitution may include losses resulting from related conduct for which the defendant was not convicted, if the loss flowed directly from the relevant conduct of which the defendant was a part. The minor victim reserves the right to request additional restitution.

## 5. FORFEITURE OF ASSETS

a.      The defendant agrees to forfeit the government immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession or control of the government, the defendant, or the defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: (1) Apple iPhone 15; (2) MSI Laptop; (3) Samsung Cellphone Model: Galaxy A14 5G; (4) Apple iPhone 13; and (5) Apple iPhone SE. These assets were involved in and facilitated the offenses to which the defendant is pleading guilty. The net proceeds from the forfeiture and sale of any specific asset(s) will be credited to and reduce the amount the government shall be entitled to forfeit as substitute assets pursuant to 21 U.S.C. § 853(p).

b.      The defendant acknowledges and agrees that the defendant obtained the above-listed assets as a result of the commission of the offense(s).  As stated in 21 U.S.C. § 853(p), the government may be entitled to forfeit other property of the defendant (substitute assets). As described in 21 U.S.C. § 853(p), the defendant consents to, and agrees not to oppose, any motion for substitute assets filed by the government up to the amount of proceeds obtained from commission of the offense(s) or up to the value of any directly forfeitable asset that is unavailable or cannot be located. The defendant consents to the entry of the forfeiture order into the Treasury Offset Program.

6

c.    The defendant admits and agrees that the conduct described herein and in the incorporated statement of facts provides a provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government, and hereby agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, judicial, or administrative forfeiture action. The defendant hereby withdraws all claims and petitions that the defendant has filed in any forfeiture proceeding. The defendant also agrees to waive all challenges to any federal criminal, civil, judicial, or administrative forfeiture proceeding carried out in accordance with this Plea Agreement on any waivable ground.

d.    Prior to sentencing, the defendant agrees to accurately and completely identify every asset that is either owned by the defendant or is under the defendant's control, whether forfeitable or not. The defendant agrees to fully and truthfully disclose all facts that could tend to support the defendant's ownership or control of property that is forfeitable under the laws of any jurisdiction, including property that may be forfeitable as substitute assets. The defendant agrees to forfeit all forfeitable assets to the government or to agencies designated by the government. The defendant shall take all steps necessary to transfer forfeitable assets to the government, including but not limited to executing any documents, consenting in any form or cause of action required by the government, providing information and supporting documentation within the defendant's possession or control, and

7

inducing such persons holding property on the defendant's behalf to transfer such property to the government. These transfers shall be completed prior to sentencing.

e.     At his sole discretion, the United States Attorney may decline to forfeit assets when the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

f.     Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

g.     The government and defendant hereby agree that any computer equipment, as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of Homeland Security Investigations (HSI) were properly seized and is subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crimes to which the defendant has pled guilty. As such, the defendant hereby relinquishes all claim, title and interest the defendant has in the computer equipment and peripherals to the government with the understanding and consent that HSI, or other appropriate agency, may destroy forthwith the computer equipment described above without further obligation or duty whatsoever owing to the defendant or any other person. As part of the plea agreement in this case, the defendant hereby states under penalty of perjury that the

8

defendant is the sole and rightful owner of the property, and that the defendant hereby voluntarily abandons all right and claim to and consents to the destruction of the computer equipment described above.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the defendant agrees to cooperate with the government. The parties agree to the Supplement to Plea Agreement entered in this case.

The defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

JOHN P. HEEKIN
United States Attorney

_____
DARREN JOHNSON
Attorney for Defendant

_____
ADAM HAPNER
Assistant United States Attorney

_____
BRANDON NEIL STEVENS
Defendant

2/11/26
_____
Date

2/11/2026
_____
Date

9