**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                **CASE NO. 1:25-cr-18-AW-ML**

**BRANDON NEIL STEVENS
a/k/a "Logan McCallister"**

_____/

## STATEMENT OF FACTS

The defendant, Brandon Neil Stevens, agrees to the following facts and admits that, if this case were to proceed to trial, the government could prove them beyond a reasonable doubt:

In November 2023, the defendant began communicating online with a female minor (Minor Victim) who lived in Old Town, Florida. The Minor Victim informed the defendant she was 15 years old. The defendant initially claimed to be "Logan McCallister" and 18 years old. At the time, the defendant was 33 years old and lived in Pennsylvania. Within a short period of time, the defendant and the Minor Victim began "dating" and regularly conversing about sexually explicit topics.

On or about February 5, 2024, the defendant crossed state lines to meet the Minor Victim. One of the motives or purposes for the travel was to engage in illicit sexual conduct with the Minor Victim. In fact, for three consecutive nights, the defendant and the Minor Victim had sexual intercourse in the Northern District of

1

Filed in Open Court

_____
Clerk, U.S. District Court
Northern District of Florida

Florida—first in the defendant's vehicle in front of the Minor Vehicle's home, then in a tent in the Minor Victim's backyard, and subsequently at two different hotels. The defendant also bought gifts for the Minor Victim, including a blindfold, vibrator, handcuffs, and a schoolgirl outfit. At that time, the Minor Victim was 15 years old, and the defendant was 33 years old.

A few weeks later, the defendant again travelled across state lines for the purpose of engaging in illicit sexual conduct with the Minor Victim. Between February 23, 2024, and March 2, 2024, the defendant paid for hotel rooms in the Northern District of Florida, where the defendant and the Minor Victim engaged in sexual intercourse on multiple occasions.

During this trip, on February 25, 2024, the defendant recorded two videos of him and the Minor Victim in a hotel room in Gainesville, Florida. The defendant used a cell phone that was manufactured outside the United States and shipped in interstate commerce. The first video depicts the Minor Victim on a bed on her knees, and the defendant is behind the Minor Victim engaged in sexual intercourse. The second video also depicts the defendant having sex with the Minor Victim. The defendant later sent these videos to the Minor Victim on a multimedia messaging application using the internet. At the time these videos were produced, the Minor Victim was still 15 years old.

In October 2024, December 2024, and April 2025, the defendant again travelled to Florida for the purpose of engaging in explicit sexual conduct with the Minor Victim. During each of these visits, the defendant and the Minor Victim engaged in sexual intercourse in various locations within the Northern District of Florida.

Between December 2024 and January 2025, the defendant produced another video recording of himself and the Minor Victim engaged in sexual activities. The defendant recorded this video in a camper behind the Minor Victim's house. During this video, the Minor Victim's wrists and ankles are bound with a rope. The defendant again sent this video to the Minor Victim on a multimedia messaging application using the internet.

After the Minor Victim's mother contacted law enforcement about the defendant's activities, the defendant spent four days in the Northern District of Florida attempting to locate the Minor Victim. The defendant also left multiple items in the Minor Victim's front yard with messages for the Minor Victim. One of these items included a cell phone with solely the defendant's contact.

## Elements

### Count One

The defendant can be found guilty of the crime of traveling with intent to engage in illicit sexual conduct only if all the following facts are proved beyond a reasonable doubt:

(1)  the Defendant traveled in interstate commerce;

(2)  the Defendant traveled for the purpose of engaging in illicit sexual conduct.

### Count Three

The defendant can be found guilty of the crime of sexual exploitation of children producing child pornography only if all the following facts are proved beyond a reasonable doubt:

(1) an actual minor, that is real person who was less than 18 years old, was depicted;

(2) the Defendant used, persuaded, induced, or enticed the minor to engage in sexually explicit conduct for the purpose of producing a video depiction of the conduct; and

(3)  either (a) the defendant knew or had reason to know that the video depiction would be mailed or transported in interstate or foreign commerce; (b) the video depiction was produced using materials that had

4

been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computers; or (c) the video depiction was mailed or actually transported in interstate or foreign commerce.

Based upon the facts presented above, which are not intended to be exhaustive for this case, the defendant agrees that, if this case were to proceed to trial, the government could prove each of these elements beyond a reasonable doubt.

JOHN P. HEEKIN
United States Attorney

_____
DARREN JOHNSON
Attorney for Defendant

_____
ADAM HAPNER
Assistant United States Attorney

_____
BRANDON NEIL STEVENS
Defendant

2/11/2026
_____
Date

2/11/2026
_____
Date

5